# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-545V
### Filed: October 5, 2015
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CATHERINE HENRY, * | |
| * | |
| Petitioner, * | Ruling on Entitlement; Concession; |
| * | Tetanus-Diphtheria-Acellular-Pertussis |
| * | Vaccine (Tdap); Shoulder Injury Related |
| SECRETARY OF HEALTH * | to Vaccine Administration (SIRVA); |
| AND HUMAN SERVICES, * | Special Processing Unit (SPU). |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On May 28, 2015, Catherine Henry ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act"]. Petitioner alleges that as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on June 3, 2014, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 5, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that petitioner's "alleged injury is consistent with SIRVA; that a preponderance of the evidence establishes her SIRVA was caused-in-

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

fact by the Tdap vaccination she received on June 3, 2014; and that no other causes for petitioner's SIRVA were identified." Id. at 3. Respondent further states that the records show that petitioner suffered the sequela of her injury for more than six months. Id. Thus, respondent states that "petitioner has satisfied all legal prerequisites for compensation under the Act." Id.

**In view of respondent's concession and the evidence presented, the undersigned finds that petitioner is entitled to compensation.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master